UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR NIKOLAYEVICH VERESHCHAGIN (A No. 236 454 996),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-5811 DJC CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility (ECF No. 2-8 at 1), proceeds with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention.[1] Good cause appearing, the court recommends that the petition for a writ of habeas corpus be DENIED.

I. Background

Petitioner is a citizen of Russia. ECF No. 2-6 at 4. He was admitted into the United States on June 5, 2025, with a visitor's visa. Id. The visa expired December 4, 2025. Id. Petitioner filed an application for asylum on December 1, 2025. ECF No. 2-6 at 90. The status of

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

the application and petitioner's removal proceedings in general are not clear. Online records from the Executive Office of Immigration Review (EOIR) indicate petitioner's next hearing concerning his status will be on August 31, 2026.

Petitioner was taken into ICE custody on or about March 27, 2026. ECF No. 8-1 at 1. On April 1, 2026, petitioner filed a motion for a bond hearing with the EOIR. Id. The hearing was held on April 9, 2026. Id. Petitioner was denied release based upon the immigration judge's determination that petitioner presents an unacceptable risk of flight. ECF No. 8-1 at 3. Petitioner appealed that decision to the Board of Immigration Appeals (BIA) on April 29, 2026, and the appeal is still pending. ECF No. 2-2 at 3.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. No Violation

After reviewing the petition for writ of habeas corpus, respondents' opposition and petitioner's reply, the court finds that petitioner has failed to meet his burden to show that he is in custody in violation of the Constitution. It is not disputed that petitioner: (1) was subject to arrest for overstaying his visa; (2) following arrest, was entitled to bond hearing under 8 U.S.C. § 1226; (3) petitioner received such a hearing; (4) petitioner had a right to appeal the result of the bond hearing to the BIA; and (5) petitioner timely appealed his being denied release and the appeal

remains pending. Following petitioner's reply, the only issue that appears to remain is petitioner's contention that the Due Process Clause demands that petitioner be provided some form of relief given how long his appeal has been pending and that it is not clear when a decision will be issued. ECF No 10 at 6.[2] But petitioner's detention is premised upon the result of the bond hearing provided, not the fact that an appeal is pending. While the Due Process Clause may demand that petitioner receive a second bond hearing at some point, petitioner does not show that point has been reached. See Leyva v. Warden, No. 1:26-cv-4038 DJC CKD P, 2026 WL 2186531 (E.D. Cal. July 29, 2026) (detention lasting more than six months without any sort of bond hearing creates Due Process Clause concerns.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 2) be DENIED;
2. Respondents' motion to dismiss (ECF No. 8) be DENIED as moot; and
2. This case be closed.

These findings and recommendations are submitted to the district court judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 19, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
vere5811.imm.frs

[2] In the petition, petitioner complains that the immigration judge's "check box denial" of petitioner's request for release was Constitutionally inadequate. ECF No. 1 at 2-3. It appears that after respondents provided the full reasoned decision by the immigration judge denying petitioner release with their opposition, petitioner withdraws such claims. In the reply, petitioner does not argue the reasoned decision is Constitutionally inadequate.